**Fredric RUSCHE, Appellant,**

v.

**Walter H. COBI, Appellee.**

**Special Patent Appeal No. 91.**

United States Court of Customs and Patent Appeals.

Nov. 3, 1960.

Whittemore, Hulbert & Belknap and Clarence B. Zewadski, Detroit, Mich., for Fredric Rusche.

Fish, Richardson & Neave and E. Cummings Sanborn, New York City, for Walter H. Cobi.

Before WORLEY, Chief Judge, and RICH, MARTIN and SMITH, Judges.

PER CURIAM.

This case, which involves a notice of appeal filed by Fredric Rusche from a decision of the Board of Patent Interferences awarding priority of invention in Interference No. 89,826 to Walter H. Cobi, comes up for consideration of a motion by Cobi to dismiss the appeal and a petition by Rusche for a writ of manda-mus requiring the Commissioner to stay proceedings until this court has passed on the issues here involved and to grant an extension of Rusche's time for perfecting the appeal. The pertinent facts of the case are as follows:

Rusche's notice of appeal was filed in the Patent Office on May 23, 1960. On June 9, 1960, the Patent Office acknowledged receipt of this notice and requested that Rusche promptly file a praecipe for the necessary papers and an order for the transcript.

On June 14, 1960, Rusche mailed to the Patent Office a praecipe and order for the transcript. He did not make a remittance to cover the cost, since he had not been advised as to what it would be.

Under Rule 25 of this court, 35 U.S.C. A.Appendix the last day for filing the transcript was July 11, 1960. On that day the assistant head of the Manuscript Branch of the Patent Office, in a memorandum to the Commissioner, requested that the time for filing the praecipe be extended to August 11, 1960, in order that his branch might have the necessary time to prepare the transcript.

No motion for an extension of time was made by Rusche until August 5, 1960 —three weeks after the original expiration date.

On July 14, 1960, the opposing party, Cobi, moved to dismiss the notice of appeal, for failure to complete the appeal within the allowed time.

On August 25, 1960, the First Assistant Commissioner denied Cobi's motion to dismiss on the ground that he lacked jurisdiction to consider it, and denied Rusche's request for an extension because it was filed after the expiration of the time sought to be extended. He indicated that the inability of the Patent Office to complete a transcript in time would normally be considered a "special and sufficient cause" justifying an extension under Rule 25 of this court if the applicant had made a timely request therefor, but stated that "it has always been considered the duty of appellant and his counsel, not that of the Office, to

initiate a request for the extension." Accordingly, he refused to extend the time.

As we understand his decision, the First Assistant Commissioner held that he could not extend the time for docketing an appeal in this court unless a request for such extension was made by the appellant prior to the date when the docketing was due. We are unable to find that Rule 25(1) of this court, which empowers the Commissioner to extend the time for docketing appeals, is limited expressly or by implication to cases in which an extension is requested by the appellant. The rule merely provides that there shall be "special and sufficient cause" for the extension and does not require that the cause be shown in any particular way or by any particular party.

In the instant case the circumstances alleged to justify the extension arose within the Patent Office and were called to the attention of the Commissioner prior to the expiration of the time for docketing the appeal, with a request by the responsible Patent Office official that an extension be granted. We are unable to see that a similar request by the appellant at the same time would have served any useful purpose. Appellant could have added nothing material to the statement of facts already before the Commissioner.

In our opinion Rule 25(1) of this court was not properly interpreted by the First Assistant Commissioner. Both the letter and spirit of that rule contemplate that if, prior to the time for docketing an appeal, the Commissioner's attention is called to circumstances justifying an extension, the extension should be granted. It follows that the Commissioner should consider on the merits whether the circumstances called to his attention on July 11, 1960, warranted an extension of the time for docketing the appeal and, if he finds that they did, he should grant a reasonable extension. In such consideration no weight should be given to appellant's failure to request an extension on or before July 11, 1960.

The case is returned to the Commissioner for the action above indicated.

For the reasons given, neither the dismissal of the appeal nor a mandamus directing the Commissioner to act, as requested by Rusche, is in order and, accordingly, both the motion to dismiss and the petition for mandamus are denied.